UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISON

| | | |
|---|---|---|
| MESCHELLE DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1198 RLW |
| | ) | |
| AT&T CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court Defendant AT&T Corp.'s Motion to Dismiss Improper Defendant (ECF No. 10). The matter is fully briefed and ready for disposition. For the reasons set forth below, the Court will deny Defendant's motion.

## **Background**

Plaintiff originally filed this Petition for Damages in the Circuit Court of St. Louis County. Defendant removed the case to federal court on July 3, 2014. In the Petition, Plaintiff alleges that Defendants AT&T Corp., Southwestern Bell Telephone Company, and Sharon Hyche retaliated against Plaintiff in violation of the Missouri Human Rights Act ("MHRA") and the Family Medical Leave Act ("FMLA"). (Pet., ECF No. 4) On July 8, 2014, Defendant AT&T Corp. filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff was employed by Southwestern Bell Telephone Company and not AT&T Corp. such that AT&T Corp. is not a proper Defendant. (Def.'s Mem. in Support of Mot. to Dismiss, ECF No. 11) AT&T attached a Statement of Earnings and Work History Report in support of this proposition. (Def.'s Mem. in Support Ex. A, ECF No. 11-1) In response, Plaintiff contends that AT&T was Plaintiff's employer or joint employer, as indicated by several employment-related exhibits

bearing the AT&T, and not Southwestern Bell, logo.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss and Exs. A-C, ECF No. 13)   Plaintiff additionally asserts that she can produce other documents through discovery demonstrating that AT&T Corp. employed, or jointly employed, the Plaintiff.  (*Id.*)  AT&T responds that Plaintiff's exhibits merely contain a general logo, which could stand for several companies, including AT&T Inc, the parent corporation, or other direct subsidiaries of AT&T Inc.  (Def.'s Reply, ECF No. 15)

## Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.  *Id.* at 555; *see also Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  While the *Twombly* Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.*  This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim.  *Id.* at 556.

**Discussion**

Upon review of Defendant AT&T Corp.'s Motion to Dismiss and related memoranda, the undersigned finds that dismissal is not appropriate at this time. At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face. The Court may not look outside the pleadings when entertaining a motion to dismiss. Here, Plaintiff contends that she worked for and was employed by AT&T Corp, thus subjecting AT&T Corp. to liability under the MHRA and the FMLA. (Pet. ¶¶ 1, 31-50, ECF No. 4) The undersigned finds that Plaintiff has pled enough facts regarding her employment relationship to state a claim that is plausible on its face, and she raises a reasonable expectation that discovery will reveal evidence of the claim. *Twombly*, 550 U.S. at 556, 570.

Under Federal Rule of Civil Procedure 12(d):

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); *see also McAuley v. Fed. Ins. Co.,* 500 F.3d 784, 787 (8th Cir. 2007). Matters outside the pleadings include "'any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366).

In this case, Defendants argue facts and present exhibits that are not contained in the petition, including Plaintiff's Statement of Earnings and Work History Report. While the undersigned could convert the motion to dismiss to a motion to summary judgment, such

conversion would be premature at this time, as the Court has not yet held a Rule 16 conference or issued a Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant AT&T Corp.'s Motion to Dismiss Improper Defendant [ECF No. 10] is **DENIED.**

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2014.