UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MESCHELE DARDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14CV1198 RLW ) |
| AT&T CORP, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Discovery (ECF No. 30) and Plaintiff's Motion to Strike Defendant's Motion to Compel (ECF No. 31). The motions are fully briefed and ready for disposition.

Plaintiff filed this action against Defendants AT&T Corp., Sharon Hyche, and Southwestern Bell Telephone Company ("SWBTC"), alleging retaliation in violation of the Missouri Human Rights Act ("MHRA") and the Family and Medicine Leave Act ("FMLA") in connection with her discharge from employment. Plaintiff alleges that she has suffered damages, including lost wages and emotional distress. On June 22, 2015, Defendant SWBTC filed a motion to compel Plaintiff to respond to its request for production including, *inter alia*, signed authorizations for the release of Plaintiff's therapy records and authorizations for information from Plaintiff's former employers.[1] Plaintiff filed a motion to strike, contending that Defendant failed to discuss the discovery dispute with Plaintiff's counsel either over the phone or in person. Additional pleadings demonstrate, however, that the parties have met and conferred about the

---

[1] In its reply brief, Defendant withdraws its request for forensic analysis of Plaintiff's phones. (Def.'s Reply, ECF No. 38)

pending discovery dispute.[2] Thus, the Court will address only the motion to compel Plaintiff's therapy and employment records.

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). A district court has wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015) (internal quotation and citation omitted).

Defendant SWBTC first argues that it is entitled to Plaintiff's therapy records from Mr. Walter Roberson. According to SWBTC, Plaintiff originally named Mr. Walter Roberson in her initial disclosures as an individual likely to have discoverable evidence relevant to disputed facts regarding Plaintiff's need for FMLA leave and difficulties with her boss. Plaintiff later amended her initial disclosures and removed Mr. Roberson from the list. However, Defendant maintains that, because Plaintiff has put her emotional state at issue in this case, the information is relevant to her claim for emotional distress. Plaintiff, on the other hand, asserts that she is only claiming "garden variety" emotional stress damages in her MHRA claim and not damages based on her medical records. Therefore, Plaintiff contends that the medical records are protected by physician-patient privilege under Missouri law and are not discoverable.

---

[2] Defendant asserts in its opposition to Plaintiff's motion to strike that counsel for the parties met in person on July 9, 2015 to confer about the employment and therapy records, after which Plaintiff's counsel confirmed that he would not provide these documents. Plaintiff did not file a reply, and the time for doing so has expired. The Court finds that such meeting satisfies the requirements of E.D. Mo. L.R. 3.04 such that the motion to strike is now moot.

Plaintiff correctly states that emotional distress damages are not available under the FMLA. *Rodgers v. City of Des Moines*, 435 F.3d 904, 909 (8th Cir. 2006). With regard to Plaintiff's claims under the MHRA, Plaintiff argues that her medical records are protected by physician-patient privilege under Missouri law because she is merely claiming garden variety emotional distress. *See State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 569 (Mo. 2006). However, the Court has original jurisdiction in this matter under 42 U.S.C. § 1331 because the action arises under the FMLA. As such, federal law applies, and the Court is not required to recognize state law privileges. *Evantigroup, LLC v. Mangia Mobile, LLC*, No. 4:11-CV-1328 CEJ, 2013 WL 141605, at *1 (E.D. Mo. Jan. 11, 2013) ("[I]n a fundamentally federal proceeding, the court may not recognize a state-created privilege."); *see also Hansen v. Allen Mem'l Hosp.*, 141 F.R.D. 115, 121 (S.D. Iowa 1992) ("Application of the federal law to claims of state privilege in federal question cases with pendent state law claims prevents the inconsistent application of state law privilege claims in the same case."). Plaintiff has not argued that she is protected by any federal privilege to withhold the production of her mental health records.

Further, the mental health records are relevant and discoverable to her allegations of lost income and emotional distress. "Medical materials regarding [Plaintiff's] mental health 'may become relevant to establish . . . that there were causes other than [her] termination that caused [her] emotional distress.'" *Lewis v. Temp-Air, Inc.*, No. 4:14-CV-398 CDP, 2014 WL 5432122, at *2 (E.D. Mo. Oct. 27, 2014) (quoting *Eggering v. MHP, Inc.*, No. 4:10CV01794 AGF, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011)). Therefore, the Court will grant Defendant's motion with respect to Plaintiff's therapy records from Mr. Roberson.

Defendant next seeks to compel Plaintiff's employment records from her past employers. Defendant contends that these records are reasonably calculated to lead to the discovery of

admissible evidence regarding Plaintiff's alleged damages and ability to maintain employment. Plaintiff asserts that she has a right to privacy in her personnel records under Missouri law. However, as stated above, federal rules of privilege apply in this original jurisdiction case, and the Court is not required to recognize any state court right to privacy in employment records. The Court finds that Plaintiff's employment records are likely to lead to the discovery of admissible evidence pertaining to a defendant's defenses and the plaintiff's credibility. *Wolfe v. Gallagher Bassett Servs., Inc.*, No. 4:11CV01610, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012). Indeed, because Plaintiff has alleged the loss of past and future earnings, information regarding her employment history is relevant to her claims. *Barsamian v. City of Kingsburg*, No. 1:07-CV-00316 OWW GSA, 2008 WL 2168996, at *3 (E.D. Cal. May 22, 2008).

Plaintiff also argues that the request is overly broad and is merely meant to harass her. However, Defendant asserts that it is not seeking all of Plaintiff's former employment records but only those records that are based on Plaintiff's deposition testimony and are likely to lead to the discovery of admissible evidence. Defendant notes that Plaintiff testified in her deposition that she was fired from previous positions at the Finish Line and Cornerstone Daycare because she had disagreements with her managers. (Darden Dep., Def.'s Ex. B pp. 28-29, 40-44, ECF No. 38-2) This information provided by Plaintiff goes to Defendant's defenses and Plaintiff's credibility such that it will likely lead to the discovery of admissible evidence. Therefore, the Court will compel Plaintiff to produce the requested employment documents but will limit the records to those employers about which she testified, the Finish Line and Cornerstone Daycare.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery [ECF No. 30] is **GRANTED** consistent with this Memorandum and Order.

Dated this 19th day of August, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**